UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourt.gov

| | |
|---|---|
| IN RE: | CASE NO.: 23-17060-BKC-CLC |
| RONEN MICHEL LEIBOVICH AND<br>LUCIA T. LEIBOVICH | CHAPTER 7 |
| Debtor.<br>_____/ | |
| DAVID R. CHAMA, and individual and<br>DAVID RAFAEL CHAMA AND SON, LLC A<br>Florida Limited Liability Company, | Adv. Case No. 24-01378-CLC |
| Plaintiffs, | |
| VS. | |
| RONEN MICHEL LEIBOVICH | |
| Defendant.<br>_____/ | |

### PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT AND ENTER JUDGMENT

COMES NOW, DAVID R. CHAMA, an individual, and DAVID RAFAEL CHAMA AND SONS, LLC, a Florida Limited Liability Company (together, "Plaintiffs"), by and through undersigned counsel, and pursuant to 11 U.S.C. § 105, this Court's Order Dismissing Adversary Proceeding Without Prejudice to Enforcement of Settlement Agreement entered on February 20, 2025 (ECF No. 17) (the "Dismissal Order"), and this Court retained jurisdiction to enforce its own orders, hereby moves this Court to enforce the settlement agreement between Plaintiffs and RONEN MICHEL LEIBOVICH ("Defendant") and to enter judgment in favor of Plaintiffs. In support of this Motion, Plaintiffs state as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and pursuant to paragraph 2 of the Dismissal Order, which expressly states that "The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order."

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. On or about August 28, 2024, Plaintiffs filed an adversary proceeding against Defendant seeking to except certain debts from discharge pursuant to 11 U.S.C. § 523(a).

5. On February 20, 2025, upon the Plaintiffs' Notice of Voluntary Dismissal of Adversary Proceeding Without Prejudice to Enforcement of Settlement Agreement (ECF No. 16), this Court entered its Dismissal Order (ECF No. 17).

6. As set forth in the Dismissal Order, the adversary proceeding was "dismissed without prejudice to the parties ability to enforce the settlement reached by the parties resolving the claims in this case."

7. Prior to the entry of the Dismissal Order, the parties entered into a Settlement Agreement dated January 22, 2025 (the "Original Agreement"), which is attached hereto as **Exhibit "A"**.

8. Pursuant to the Original Agreement, Defendant agreed to pay Plaintiffs the sum of $135,000.00 to be paid overtime with an initial payment due within ten days of execution.

9. After Defendant failed to make the initial payment under the Original Agreement, on February 6, 2025, Plaintiffs, through counsel, sent a Notice of Default to Defendant pursuant to Paragraph 4 of the Original Agreement.

10. Subsequent to the Notice of Default, the parties entered into an Addendum to the Settlement Agreement dated February 17, 2025 (the "Addendum"), which is attached hereto as **Exhibit "B"**.

11. The Addendum increased the settlement amount to $140,000.00 and modified the payment terms, specifically requiring an initial payment of $15,006.02 on or before February 23, 2025.

12. The Addendum expressly stated that "No further cure period shall apply to this payment. Failure to make this payment by the deadline shall result in the immediate entry of judgment as provided under paragraph 4(c) of the Agreement."

13. Paragraph 4(c) of the Original Agreement provides that in the event of an uncured default, Plaintiffs would be entitled to file a motion seeking entry of judgment in the amount of $350,000.00, plus additional attorneys' fees, costs, and interest.

14. Defendant has failed to comply with the payment terms set forth in the Addendum. Specifically, Defendant has failed to make the initial payment of $15,006.02 that was due on or before February 23, 2025.

15. As expressly stated in the Addendum, no further cure period applies to this default, and the failure to make the initial payment by the deadline results in Plaintiffs' immediate entitlement to seek entry of judgment in the amount of $350,000.00, plus additional attorneys' fees, costs, and interest.

16. As of the date of this Motion, Defendant has made no payments whatsoever under either the Original Agreement or the Addendum.

17. Based on Defendant's default, and pursuant to the terms of the Original Agreement and Addendum, Plaintiffs respectfully request that this Court enforce the settlement agreements by entering judgment in favor of Plaintiffs and against Defendant in the amount of $350,000.00.

18. Further, Plaintiffs request additional attorneys' fees and costs in the amount determined after entitlement, incurred in connection with enforcing the settlement agreements.

19. Plaintiffs also request post-judgment interest at the legal rate from the date of entry of judgment until paid in full.

20. The entry of judgment is expressly contemplated by the Original Agreement and Addendum in the event of Defendant's default, which has occurred.

21. Plaintiffs further request that the judgment specify that the debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)-(4) and (6) as originally alleged in the adversary proceeding and as agreed to by Defendant in the Settlement Agreement.

WHEREFORE, Plaintiffs respectfully request that this Court:

a. Grant this Motion to Enforce Settlement Agreement pursuant to the Court's retained jurisdiction as set forth in the Dismissal Order;

b. Enter judgment in favor of Plaintiffs and against Defendant in the amount of $350,000.00;

c. Award Plaintiffs their attorneys' fees and costs incurred in connection with enforcing the settlement agreements;

d. Award post-judgment interest at the legal rate;

e. Declare that the judgment debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)-(4) and (6); and

f. Grant such other and further relief as this Court deems just and proper.

DATED: August 28, 2024

**LEVY & PARTNERS, PLLC**

Counsel for the Plaintiffs
3230 Stirling Road, Suite 1
Hollywood, Florida 33021
(954) 727-8570 – Telephone
(954) 241-6857 – Facsimile

By: /s/ Omar M. Salazar II
OMAR M. SALAZAR II, ESQ.
Fla. Bar No.: 0106175
omar@lawlp.com

-and-

**ALIGNX LAW**
Co-Counsel to Plaintiffs
12555 Orange Drive, Suite 4159
Davie, Florida 33330
(954) 686-7399

By: /s/ Ido J. Alexander
IDO J. ALEXANDER, ESQ.
Florida Bar No. 51892
ija@AlignXLaw.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all users registered to receive electronic notice in this case via the Court's CM/ECF system on April 18, 2025.

By: /s/ Omar M. Salazar II
OMAR M. SALAZAR II, ESQ.